ROSA CACAVALLO *vs.* VINCENZO D'ELIA.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, CURTIS and HAINES, Js.

So long as any mortgage indebtedness remains unpaid, the mortgagor is not entitled to have the mortgage released nor to recover damages for the mortgagee's refusal to release it.

A recital in the judgment-file to the effect that the court "having heard the parties" finds the legal issues in favor of the appellee, is conclusive upon this court in the absence of anything in the record or in the appeal to contradict its accuracy.

Where a cause involves both legal and equitable issues, it is within the discretion of the court (General Statutes, §§ 5752-5755) to require the equitable issue to be tried to the court and to be tried first.

Submitted on briefs October 24th—decided December 17th, 1918.

SUIT to secure an order or decree requiring the defendant to release and discharge a certain mortgage of real estate, upon the alleged ground that the indebtedness thereby secured had been paid, and for damages, brought to the Superior Court in New Haven County where the issues involving equitable relief were, by order of court (*Gager, J.*), tried first, and judgment rendered (*Warner, J.*) for the defendant, and afterward the legal issues were tried by the court (*Webb, J.*) and judgment rendered for the defendant, from which judgments the plaintiff appealed. *No error.*

*George E. Beers* and *Robert J. Woodruff,* for the appellant (plaintiff).

*Philip Pond* and *Anthony Spinello,* for the appellee (defendant).

WHEELER, J.    The complaint alleges that on April 13th, 1911, the plaintiff executed and delivered to the defendant a note for $3,826, secured by mortgage; that on May 1st, 1911, the plaintiff paid $2,000 to the defendant upon this indebtedness, and received a receipt therefor; that between May 1st, 1911, and January 1st, 1912, the plaintiff rented land to the defendant, and performed labor and services for the defendant, of the value of $1,957.50, and that by such payments, rentals, labor and services, the mortgage has been fully paid; but that the defendant, although requested by the plaintiff, has refused to execute a quitclaim deed.

The defendant denies these payments of $1,957.50, and pleads specially that the plaintiff and defendant were in the years 1911 and 1912 in partnership, that upon its dissolution an accounting of all matters between them was had and that it was agreed that the indebtedness of the plaintiff and her husband to the defendant was $3,000, of which sum the said mortgage is a part.

Upon the trial the court found that none of the items comprising the payments making up the balance of the indebtedness upon the mortgage subsequent to the payment of the $2,000, had been paid.

That finding determined the only issue involved in the trial. So long as any of the mortgage indebtedness remained, the plaintiff was not entitled to have the mortgage discharged.

The plaintiff says in her brief: "The principal questions involved are two in number: first, whether after the giving of a mortgage, an amount found due on an

oral accounting and involving items having nothing
whatever to do with the mortgage debt, can by an
oral agreement be brought within the mortgage se-
curity." The trial judge expressly states that he has
not ruled upon this question, and that the only ruling
made by him was that none of the claims of the plain-
tiff, as to the payment of the balance due upon the mort-
gage, could be sustained. In view of this ruling the
question did not arise in the case and ought not to
have been made a part of the appeal.

The second question which the plaintiff character-
izes as of principal importance is, that, a judgment
having been rendered upon the equitable issues for the
defendant, another judge "while the case is still to the
jury, and without further evidence," could not render a
final judgment upon the legal issue involved.

It would be a sufficient answer to this claim to point
out that the final judgment recites that "the court
having heard the parties finds the legal issues in favor of
the defendant." Nothing in the record contradicts
this finding, and since the appeal does not question its
accuracy, we are bound by it.

Aside from this, the legal damage claimed is that
which flows from the failure to execute and deliver a
quitclaim of the mortgage after the same had been paid.
Since the finding is that the mortgage has not been
paid, there exists no basis for a claim for legal damages,
and there was no occasion for the court to grant a
further hearing; a judgment upon the claim for legal
damage follows this finding as a matter of course, and
that, too, without a further hearing.

The only other ruling complained of is the order that
the equitable issues "be tried by the court and tried
first." The case presented upon these issues was one
which, prior to January 1st, 1880, was properly cog-
nizable in equity, and an order that the equitable issue

be tried to the court, was one within the discretion of the court, as was, too, the order that these issues be tried first.   General Statutes, §§ 5752–5755.

There is no error.

In this opinion the other judges concurred.